MORRIS AQUEDUCT (HAIGHT v.). See Case No 5,902.

MORRIS, The DAVID. See Case No. 3,596.

MORRIS, The GALLOWAY C. See Case No. 5,204.

MORRIS, The ROBERT. See Case No. 8,896.

---

## Case No. 9,839.

### In re MORRISON.

[10 N. B. R. 105;[1] 6 Chi. Leg. News, 110.]

District Court, E. D. Missouri. Dec. 17, 1873.

BANKRUPTCY—BANK STOCK SECURITY FOR NOTE—
RIGHT OF BANK THERETO — HOW
CLAIM PROVEN.

1. A bank is entitled to certain shares of its capital stock, subscribed by the bankrupt as collateral security for his stock note, and also on his general indebtedness to the bank, and it has a right to hold such stock, although there is an indorser to the note.

2. The bank should prove its demand for the debt due as secured by the stock, and, by leave of court, have it sold, the proceeds to be applied to payment of the debt, and prove as a creditor of the estate for any balance that may remain.

In bankruptcy.

Slayback & Haeussler, for assignee.
Hitchcock, Lubke & Player, for the bank.

TREAT, District Judge. The question submitted to the court is, substantially, whether the West St. Louis Savings Bank is entitled to hold ten shares of its capital stock subscribed by bankrupt as collateral security for the bankrupt's indebtedness; first, on his stock note, and second, on his general indebtedness. The by-laws of the company provide that "no transfer of stock shall be made or assented to by the officers of the bank so long as the holder of the same is indebted to this bank for any balance unpaid on the stock, or otherwise, unless such indebtedness is satisfactorily secured." The certificate of stock recites that "no transfer shall be made without the consent of the corporation by any stockholder who shall be liable to the bank, either as principal, debtor, or otherwise." Independent of the bankrupt act [of 1867 (14 Stat. 517)], the question involved is settled in this state (9 Mo. 150; 45 Mo. 513,) and in the United States supreme court. [Union Bank of Georgetown v. Laird] 2 Wheat. [15 U. S.] 390, and [Brent v. Bank of Washington] 10 Pet. [35 U. S.] 610. The two latter cases are broad enough to cover assignments in bankruptcy. Although the bank may have indorsers to the paper, it still has the security on the stock, and may enforce the latter. But if the loan is made at a time when the stockholder is insolvent and the bank has reasonable cause so to believe, and it thereupon takes the security of an indorser, together with the pledge of stock, by force of the by-law, it has two sources to which to look. Money loaned with security taken in praesenti does not make the security taken a preference contrary to section 35 of the bankrupt act. It is not a security taken for past indebtedness, but for money advanced· at the time. If, together with an indorser, the paper is secured by a collateral put up by the maker, equity would treat the collateral as for the benefit of the indorser—as against the person primarily liable for the demand. The bank has two resources, and if it should make the money out of the indorser, he would have an equitable right to the application of the collateral for his benefit, or he might require, in equity, that the collateral should be first applied. The rule established, independent of the bankrupt act, is this: that the bank has a right to hold the stock as collateral, despite the fact that there is also an indorser.· Under the bankrupt act, when money is loaned and the security taken at the same time, no preference is given, then that security should, both in law and equity, be applied to the payment of the demand. Hence, in the case before the court, the bank should prove its demand for the debt due, as secured by the stock, and by leave of court have the stock sold, the proceeds to be applied to payment of the debt. If a balance then· remains in favor of the bank, it can have that balance allowed as a creditor against the general estate.